IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **GERALD NOTTMEYER,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil No.  **04-901-MJR** |
| **PRECISION ALLIANCE GROUP, LLC,** ) | |
| **PRECISION SOYA OF ILLINOIS, LLC,** ) | |
| **and PRECISION SOYA OF** ) | |
| **SOUTHERN ILLINOIS, LLC,** ) | |
| ) | |
| Defendants. ) | |

## ORDER

**PROUD, Magistrate Judge:**

Before the Court is Plaintiff's Motion to Compel.  **(Doc. 20)**.

Plaintiff is suing his former employer, alleging that he was discharged in violation of ERISA and the Americans with Disabilities Act in that he was discharged because of the large medical bills incurred by his disabled daughter.

Plaintiff seeks an order compelling answers to his interrogatories and a request for production.  The discovery requests and defendant's responses and amended responses thereto are attached as exhibits to **Doc. 20.**  Defendant has responded to the motion, **Doc. 22.**

In interrogatory number 1, plaintiff asks for the reasons why defendant discharged plaintiff, and for information about the persons who participated in the decision.  Plaintiff takes issue with the completeness of the response.  Defendant has indicated it will supply additional identifying information, with the exception of contact information for managers.  Defendant has stated that it will produce the persons who are still employed and will furnish contact information to enable plaintiff to subpoena those persons who cannot be produced.

Plaintiff complains that some of the information requested in interrogatories numbers 2

and 3 was not supplied.  Again, defendant states in response that it has or will supply the missing information.

In number 11, plaintiff asks for information about the cost of insuring plaintiff's daughter.  Plaintiff states in his motion that he is "looking for the cost of covering Ms. Nottmeyer" and states that defendant did not provide the dollar amount or identifying information about what other entity made payments.  On the contrary, defendant's answer states the dollar amounts paid by both it and by Pekin Insurance.

Plaintiff next complains that defendant did not provide phone numbers, or, in some cases, street addresses, for certain witnesses employed by Pekin Insurance.  In response, defendant points out that plaintiff has the information as he has already served a subpoena on Pekin Insurance and has been in contact with Pekin's attorney about obtaining information.

Lastly, plaintiff seeks information about defendant's net worth in interrogatory number 14 and in request for production number 20.  Defendant objects that the information is irrelevant and the request is "premature."  The information is relevant to plaintiff's claim for punitive damages.  The objection is denied.

Upon consideration and for good cause shown, Plaintiff's Motion to Compel **(Doc. 20)** is **DENIED** in all respects except as to the information requested in interrogatory number 14 and in request for production number 20.  Defendant shall answer interrogatory number 14 and produce the documents requested in request for production number 20 within five days of the date on which Judge Reagan rules on defendant's pending motion for summary judgment, assuming that the motion is denied.

**IT IS SO ORDERED.**

**DATE:  January 12, 2006.**            s/ Clifford J. Proud
                                        **CLIFFORD J. PROUD**
                                        **U.S. MAGISTRATE JUDGE**