IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **GERALD NOTTMEYER,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>) Civil No. **04-901-MJR**<br>**PRECISION ALLIANCE GROUP, LLC,** )<br>**PRECISION SOYA OF ILLINOIS, LLC,** )<br>**and PRECISION SOYA OF** )<br>**SOUTHERN ILLINOIS, LLC,** )<br>)<br>Defendants. ) | |

### ORDER

**PROUD, Magistrate Judge:**

Before the Court is Plaintiff's Motion for Sanctions Relating to 30(b)(6) Deposition **(Doc. 29).** Defendant filed a response. **(Doc. 32)**. Plaintiff filed a reply. **(Doc. 33)**.

Plaintiff is suing his former employer, alleging that he was discharged in violation of ERISA and the Americans with Disabilities Act in that he was discharged because of the large medical bills incurred by his disabled daughter. Plaintiff served defendant with a notice of deposition pursuant to Fed.R.Civ.P. 30(b)(6). Item 2 of the notice directed defendant to designate and produce a person or persons to testify on behalf of the corporation about the following:

> For the period 1/1/03 through 12/31/04, all discussions and/or
> other communications, both internal and external relating to health
> insurance cost and coverage, including but not limited to:
> premiums, deductibles, negotiated rates with insurance carrier,
> dollar amount of claims, claims (without specific reference to
> medical concerns of employees other than plaintiff and his family).

Defendant did not object to the notice. It produced two witnesses, Roseann Kujawa and Tom Butler.

1

The depositions were taken on October 18 and 19, 2005.  Plaintiff's motion was filed on November 15, 2005, after the close of discovery.

In his motion, plaintiff asserts that neither witness was prepared to testify on behalf of the corporation about the matters listed in item 2 of the notice.  Rather, they were prepared only to testify about their own personal knowledge.  Plaintiff attached copies of portions of the deposition transcripts which indicate that neither witness had seen the notice prior to the depositions, and neither witness had reviewed any corporate documents in preparation to testify.

Plaintiff asserts that neither witness was prepared to testify on behalf of the corporation.  Rather, he asserts that they were only able to testify regarding communications about insurance in which they had participated.  **See, Doc. 29, paragraph 4**.

In response, defendant represents that the two witnesses who were produced are the only two employees who had knowledge of the areas designated in the notice.  Ms. Kujawa was the person who handles payment of insurance claims, and Mr. Butler "was responsible for negotiating and overseeing the relationship with Pekin Insurance Company."  **See, Doc. 32, p. 1.**  As such, defendant represents that the corporation's knowledge consists of the personal knowledge of these two witnesses.

Plaintiff does not point to any specific question or line of questioning which either witness was unable to answer.  Only brief portions of the deposition transcripts have been made available to the Court.  A review of those portions reveals that both witnesses were asked questions that they could not answer.  These were questions about the amount of money paid by the company for insurance, the amount of the premium increase in 2003 and 2004, and the amount paid for any employee's claims in 2003 or 2004.  Both witnesses testified that they would have to review documents in order to answer those questions.

Plaintiff's Rule 30(b)(6) notice did not direct defendant to designate a person to testify

2

about the amount of money paid for insurance, or the amount of money paid for any employee's claims.  The notice directed defendant to designate a person to testify about "discussions" and "communications" on various insurance-related subjects.  Defendant designated the two employees who participated in such discussion and communications.

It is true, as plaintiff points out, that a corporation has a duty to make a good faith effort to designate a person having knowledge of matters listed in a Rule 30(b)(6) notice and to prepare them to testify completely about those matters.  **See, *Buycks-Roberson v. Citibank Federal Savings Bank*, 162 F.R.D. 338, 342-343 (N.D.Ill.,1995)**.  However, the scope of the deposition is defined by the notice.  The notice did not direct defendant to designate a witness to testify about the cost of insurance or the amount of claims.  Defendant is therefore not subject to sanctions.

Plaintiff's Motion for Sanctions Relating to 30(b)(6) Deposition  **(Doc. 29)** is **DENIED**.

**IT IS SO ORDERED.**

**DATE:  January 12, 2006.**

> s/ Clifford J. Proud
> **CLIFFORD J. PROUD**
> **UNITED STATES MAGISTRATE JUDGE**